Chancellor Rutledge
afterwards delivered the decree of the court,
By the marriage articles of Mr. Elliott, it is stated that the portion he was to receive with his wife was 84,000/. currency, and he thereby charges his whole estate with the securing that sum to her, and the issue of the marriage. It appears from a settlement of his account with the executors of Mr. Smith, the complainant’s father, that Mr. Elliott did not receive the amount of his wife’s fortune : a small portion of Mr. Smith’s estate remains to be distributed among his children. Complainants have not received from Mr. Elliott’s estate near the amount of the settlement, and there are other creditors yet unsatisfied. Mr. Elliott’s estate is insolvent. A doubt arises how the 'money of Smith’s estate is to be applied, whether to complainants exclusively, or to be divided among them and the other creditors generally, in average and proportion ? The court are of opinion that Mr. Elliott, by the settlement, having charged his whole estate with securing his intended wife’s fortune to her and her issue, he would, if alive, be undoubtedly entitled to the money now in the hands of Mr. Smith’s executor, even if he had received the 84pool. That as the complainants have not- received the- sum agreed to be settled, and his whole estate was charged with payment of it, the money in question ought to be applied towards the discharge of their demand in the first instance. Why the claims of the complainant were not fully satisfied in the former suit, does not appear ; but wc presume it was, because it was then thought *304 that the estate was fully competent to satisfy the settlement, debts and legacies; or Mrs. Carnes would not have keen Pa^ ^er legacy*